IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| IN THE MATTER OF: | ) | CASE NO. BK14-80602 |
|---|---|---|
| | ) | |
| JEFFREY R. ODELL and | ) | CH. 7 |
| MICHELLE L. MILLER, | ) | |
| | ) | |
| Debtors. | ) | |

### ORDER

Hearing was held on May 28, 2014, in Omaha, Nebraska, on Debtors' objection (Fil. #9) to the Chapter 7 trustee's intent to claim certain assets (Fil. #8). Richard D. Myers appeared as the Chapter 7 trustee, and Erin M. McCartney appeared on behalf of Debtors. Upon completion of post-hearing briefing by the parties, the matter was taken under advisement and is now ready for decision.

For the reasons stated below, the objection filed by Debtors is sustained and the trustee's claim of assets is overruled as to the interest of Jeffrey R. Odell in the Roger R. Odell Living Trust.

*Background*

The parties have stipulated to the material facts. Debtor, Jeffrey R. Odell ("Jeffrey"), is the son of Roger R. Odell ("Roger") and is a beneficiary under the Roger R. Odell Living Trust. The trust was established by Roger on July 16, 2001, and restated on December 20, 2006.

Jeffrey was born on May 18, 1955, and all times material to this proceeding was more than 35 years of age. Roger passed away on February 10, 2007. Upon his father's death, pursuant to the terms of the trust, Jeffrey became entitled to receive a distribution from the trust. In 2007, he did in fact receive a distribution of $250,000.00. Jeffrey's mother is still alive, and the parties agree that Jeffrey will be entitled to receive another distribution of approximately $250,000.00 upon his mother's death. Jeffrey was named as a co-trustee in the trust agreement, but was removed in 2008. The parties further agree that the trust attached to the stipulation (Fil. #15) is a true and correct copy of the trust.

The trustee has claimed Jeffrey's interest in the trust as an asset of the bankruptcy estate. Debtors objected, asserting that the trust is subject to an enforceable spendthrift provision and is, therefore, excluded from property of the estate pursuant to 11 U.S.C. § 541(c)(2).

*Discussion*

Property of the bankruptcy estate is defined in 11 U.S.C. § 541(a)(1) as including: "[e]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." Subsection (c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." Thus, if a beneficiary's interest in a trust

contains a restriction on transfer that is enforceable under state law, the interest does not become property of the bankruptcy estate.

The parties agree that Section 17.02 of the trust contains a restriction on transfer, or a "spendthrift provision," which states as follows: "Neither the income nor the principal of the trust property may be assigned, anticipated or alienated in any manner by any beneficiary, nor shall it be subject to attachment, bankruptcy proceedings or any other legal process, or to the interference or control of creditors or others." The parties are also in agreement that under the Nebraska Uniform Trust Code, Neb. Rev. Stat. § 30-3847,[1] a spendthrift provision is sufficient to restrain both voluntary and involuntary transfers of a beneficiary's interest.

The trustee's argument is that the spendthrift clause in the trust is insufficient to provide an effective restriction on transfer of Jeffrey's beneficial interest to the bankruptcy estate because, according to the trustee, "Debtor has the right after age thirty-five (35) to withdraw his interest by simply requesting it." In support, the trustee cites to a Michigan bankruptcy case where the court concluded that when the trust contains a provision that allows the beneficiary to withdraw the entire principal for his own benefit, the restriction on transfer contained in the spendthrift clause is deemed invalid. According to the trustee, Section 13.02 of the trust contains a provision giving Jeffrey the unrestricted ability to withdraw any portion of the trust income and principal after attaining age 35.

I disagree with the trustee's interpretation of Section 13.02 of the trust. The trust is a long (78 pages) and complicated agreement. A contract must be construed as a whole, giving effect if possible to every part of it. *Hearst-Argyle Prop., Inc. v. Entrex Commc'n Servs., Inc.*, 778 N.W.2d 465, 470 (Neb. 2010). "Whatever the construction of a particular clause of a contract, standing alone, may be, it must be read in connection with other clauses." *Id.* (citations omitted). Section 13.02 of the trust does provide that "[w]hen the beneficiary has reached any one or more of the following ages . . . the beneficiary may withdraw from the beneficiary's trust, at any time or times, amounts not to exceed in the aggregate . . . [a]ll or any portion of the accumulated trust income and principal, after attaining age 35 years." Since Jeffrey is over 35 years of age, the trustee considers the foregoing provision to constitute an unrestricted right of withdrawal, which is the equivalent of ownership of the trust assets. However, the trustee is reading the provision much too narrowly.

Article Thirteen of the trust is entitled "Administration of Trusts for Underage and Incapacitated Beneficiaries." The first paragraph of Section 13.01 then describes the duty of the trustee to create separate trusts under certain circumstances when a distribution is to be made to a person who has not yet attained age 35 years or when the person is incapacitated. The remainder of Section 13.01 deals with the creation and administration of those separate trusts – those that are set up as separate trusts administered for the benefit of underage or incapacitated beneficiaries. No such trust was established for Jeffrey. Jeffrey directly received his distribution from his father's trust in

---

[1]Neither party raises the issue of whether Nebraska or North Dakota law would apply to Jeffrey's interest in this particular trust, which was created in North Dakota and specifically provides that North Dakota state law applies.

2007. He may be entitled to a further distribution in the future upon the death of his mother if any trust assets remain to be distributed. That beneficial interest is subject to the spendthrift provision of Section 17.02 of the trust. Notably, Jeffrey is not subject to a separate trust under Section 13.01 for any distributions to which he may have previously become entitled or for which he could demand payment.

The trustee has not raised any other arguments to defeat the enforceability of the spendthrift provision contained in Section 17.02 of the trust. Jeffrey's beneficial interest in the Roger R. Odell Living Trust is subject to a valid restriction on transfer and is excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2).

IT IS, THEREFORE, ORDERED that Debtors' objection (Fil. #9) is sustained and the Chapter 7 trustee's intent to claim certain assets (Fil. #8) is overruled.

DATE: July 1, 2014.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Richard D. Myers
    *Erin M. McCartney
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.